IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John T. Bragg, ) | Civil Action No. 8:06-2132-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of ) | **OF MAGISTRATE JUDGE** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, John T. Bragg, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 39 years old as of the Administrative Law Judge's (ALJ) decision. He has a high school equivalent education (GED) (R. at 36, 126), with relevant past work as a warehouse worker, cashier and janitor. (R. at 107.)

The plaintiff filed an application for DIB on September 24, 2003. (R. at 86.) He protectively submitted a claim for and SSI on August 24, 2003. (R. at 206.) He alleges that he became disabled on July 1, 1996, due to back and left leg problems. (R. at 122.) The

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

plaintiff's applications were denied initially and upon reconsideration. (R. at 67-89, 219-228.) An Administrative hearing was held on November 9, 2005. (R. at 31-66.) The ALJ found that (1) plaintiff retained the residual functional capacity (RFC) to perform a wide range or unskilled light work with a sit/stand option; (2) he was unable to perform his past relevant work; (3) there were a significant number of other jobs in the national economy that he could perform; and (4) he was not under a "disability" as defined by the Act at any time through the date of his decision. (R. at 16-17). On May 2, 206, the plaintiff requested a review of the ALJ's decision. (R. at 229). On June 7, 2006, the Appeals Council denied plaintiff's request for a review of the ALJ's second decision, (R. at 5-8), thereby making the ALJ's decision the Commissioner's final decision of judicial review.

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc disease, low back and redicular pain are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. I find the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant retains the residual functional capacity to perform a wide range of light work. Specifically, the claimant's capacity for light work is limited by a need to sit or stand at will and preclusions from operating foot controls with his left leg and bending or kneeling on more than an occasional basis. He is also limited to short, routine tasks.

7. The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).

9. The claimant has a "high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR §§ 404.1567 and 416.967).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the local and national economies that he could perform. Examples of such jobs and their numbers are listed above.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the

Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends that the ALJ erred in failing to find her disabled. Specifically, the plaintiff alleges that the ALJ erred in (1) failing to perform a function-by-function analysis of the plaintiff's Residual Functional Capacity ("RFC"); (2) failing to properly assess the plaintiff's credibility and allegations of pain; and (3) relying on less than substantial evidence to conclude that the plaintiff was capable of performing work. The Court will address each alleged error in turn.

**I.     Allegations of Pain and the Plaintiff's Credibility**

In two of the plaintiff's four objections to the ALJ's decision, he complains concerning the ALJ's analysis of his allegations of pain and his general credibility. The issues are essentailly one and the same. The Court believes that the ALJ did not apply the required analytical framework in considering the credibility of the plaintiff's allegations of pain.

Federal regulations, 20 C.F.R. §§ 416.929(a) and 404.1529(a), provide the authoritative standard for the evaluation of pain in disability determinations. *See Craig v. Chater*, 76 F.3d 585, 593 (4th Cir. 1996). Under these regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Id.* at 594. First, "there must be objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 591 (quotation and emphasis omitted). This threshold test "does not . . . entail a determination of the 'intensity, persistence, or functionally limiting effect' of the claimant's asserted pain." *Id.* at 594. Second, and only after the threshold inquiry has been satisfied, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595. When the ALJ fails to "expressly

consider the threshold question" and instead proceeds "directly to considering the credibility of [the] subjective allegations of pain," remand is warranted. *Id*. at 596.

It is critical to proceed through the steps in order, because "once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain . . . ." *Id.* at 593. Said differently, once an ALJ concludes that an impairment could reasonably be expected to produce the pain alleged, she ought to view any inconsistency or defect in the plaintiff's subjective testimony through a more discriminating lense because the plaintiff's subjective allegations, at that point, are consistent with the objective expectations.

The plaintiff generously suggests that the ALJ identified this legal standard, but the Court cannot agree. The ALJ cited neither the two-step process for evaluating allegations of pain nor did he make any application of it. In a single sentence, the ALJ concludes that the plaintiff's allegations of pain are not credible because the plaintiff was suspected of feigning the degree of his limitation by one physician. (R. at 15.) Critically, the ALJ never analyzes whether the plaintiff suffers an impairment capable of producing the pain alleged by the plaintiff, "in the amount and degree." *Craig*, 76 F.3d at 594. This inquiry is the "threshold test" and "the pain claimed is not directly at issue." *Id*. In other words, the credibility of the plaintiff should not yet be at issue as to any specific allegations of pain. The only question, at step one, is to consider whether the type of condition the plaintiff has, as revealed by objective evidence, is even capable of producing the nature and magnitude of the pain alleged. As stated, when the ALJ fails to "expressly consider the threshold question" and instead proceeds "directly to considering the credibility of [the] subjective allegations of pain," remand is warranted. *Id*. at 596. That is precisely the error committed in this case and, therefore, remand is necessary.

The Court would also caution that after considering the threshold question, the ALJ should provide a more detailed explanation of his analysis at step two concerning the actual

credibility of the plaintiff's allegations and the affect of that pain on his ability to work. In his decision, the ALJ summarily relies on an instance of alleged malingering. (R. at 15.) Without more explanation or bases, such a determination may not withstand review as substantial evidence to find the plaintiff's allegations incredible.

## II.    Residual Functional Capacity

The plaintiff has also complained that the ALJ erred in failing to fully set out a rationale for his residual functional capacity determination, in violation of SSR 96-8p. The plaintiff emphasizes the following portion of SSR 96-8p:

> Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately (e.g., "the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours").

SSR 96-8p. The plaintiff argues that the ALJ failed to analyze, separately, his ability to sit and stand during an 8 hour day and how many pounds he might be expected to lift, as required by SSR 96-8p. The plaintiff contends that this failure is material insofar as the plaintiff's treating physician is of the opinion that the plaintiff cannot work more than 4 hours per day (R. at 180, 204) and a vocational expert testified that, to the extent the plaintiff was limited to sitting and standing in combination for 4 hours out of 8, there would be no jobs available to him (R. at 62).

First, the Court finds the ALJ's RFC analysis to be generally thorough. In fact, concerning the ALJ's description of evidence related to each of the plaintiff's exertional abilities, the decision is one of the most specific the Court has seen. (R. at 14-15.) Second, the ALJ expressly included a stand/sit option in his RFC determination and cites significantly to the conclusions of two state agency doctors who performed a function-by-function analysis. *Id*. Those consultants concluded that the plaintiff could stand and walk 6 out of eight hours each day and could lift weights exceeding the exertional lifting limits of light work. (R. at 133, 144.) Additionally, the ALJ expressly rejected the opinion of Dr.

7

James Hudson that the plaintiff could not perform more than 4 hours in an 8 hour work day. ( R. at 15.)  His express rejection of that opinion, in conjunction with the implicit adoption of the state consultants' opinions, appears to explain the ALJ's reasoning as to the length of time the plaintiff would be able to stand and walk in an 8 hour day and the amount of weight he could lift.  The ALJ certainly could have been more clear.

The Court does not believe that the ALJ committed reversible error on this point alone.  If, however, the District Court adopts this Court's recommendation to remand this case for further consideration of the plaintiff's credibility, the ALJ should also clarify his conclusion regarding the amount of time the plaintiff would be able to stand and walk in an eight hour day and how much he would be able to lift.[2]

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence.  It is, therefore, ORDERED, for the foregoing reasons, that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings as set forth above.  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO RECOMMENDED.

                                        s/Bruce Howe  Hendricks
                                        United States Magistrate Judge

January 23, 2008
Greenville, South Carolina

---

[2] The plaintiff also generally complains that there was not substantial evidence for the ALJ's decision that the plaintiff cannot do work.  That ultimate question cannot be resolved until the ALJ has more fully explained his decision in accordance with this recommendation.