IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John T. Bragg, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>Michael J. Astrue, Commissioner of　)<br>Social Security,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　) | C/A No.: 8:06-2132-MBS<br><br>**OPINION AND ORDER** |

　　　　Plaintiff John T. Bragg protectively submitted a claim for supplemental security income payments on August 27, 2003. On September 24, 2003, he filed an application for disability insurance benefits, alleging disability as of December 1, 2001 because of back problems and limited feeling in his left leg. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on November 9, 2005. On April 18, 2006, the ALJ issued a decision that Plaintiff was not entitled to a period of disability and disability insurance under sections 216(i) and 223 of the Social Security Act. The ALJ further determined that Plaintiff was not eligible for supplemental security income payments under sections 1602 and 1614(a)(3)(A) of the Act. The decision of the ALJ became the "final decision" of the Commissioner on June 7, 2006, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

　　　　In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for a Report and Recommendation. On January 23, 2008, the Magistrate Judge filed a Report and Recommendation in which she determined

that the ALJ did not apply the required analytical framework in considering the credibility of Plaintiff's allegations of claim. Accordingly, the Magistrate Judge could not conclude that the ALJ's decision to deny benefits was supported by substantial evidence. The Magistrate Judge recommended that the Commissioner's decision be reversed and remanded.

The Magistrate Judge also noted that the ALJ could have been more clear in articulating his reasoning regarding the length of time Plaintiff could stand and walk in an eight hour day and the amount of weight he could lift. The Magistrate Judge did not find the ALJ had committed reversible error on this point; nevertheless, the Magistrate Judge suggested that, if the court adopted the Report and Recommendation, the ALJ be instructed to clarify his conclusion regarding the amount of time Plaintiff would be able to stand and walk in an eight hour day and how much he would be able to lift.

Plaintiff filed no objections to the Report and Recommendation. The Commissioner filed a notice of no objections on February 4, 2008.

The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly,

It is ORDERED that the Commissioner's decision be reversed and remanded under sentence

four of 42 U.S.C. § 405(g) for further proceedings as set forth hereinabove and in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 5, 2008.

3